HALCYON SKINNER, Respondent, *v.* SOPHIA H. WHITE, Appellant.

*Bond executed by a married woman for a debt of her husband — pleas of invalidity of the bond and of payment — counterclaim not affected thereby.*

In an action brought against the maker of a bond, a married woman, to recover the full amount thereof, *held*, that the setting up of a plea of payment, in connection with a denial of the bond, did not preclude the defendant, on a dismissal of the complaint on the ground that the bond was not binding on her, because it did not charge her separate estate with its payment, from recovering an affirmative judgment on a counterclaim for the same amount as that alleged in the plea of payment, being the value of goods sold and delivered by her to the plaintiff, for which it appeared she had never been paid, although the bill therefor had been receipted by her husband, for whose debt the bond had been given, for which receipt for the price of the goods the husband had received nothing from the plaintiff except a credit on his debt, and which application of the price of the goods was not shown to have been made with the knowledge or consent of the defendant.

APPEAL by the defendant, Harriet S. White (sued as Sophia H. White) from that part of a judgment of the Supreme Court, entered in the office of the clerk of Westchester county on the 6th day of October, 1892, which dismisses the defendant's counterclaim.

The judgment was entered upon the report of a referee; by it the complaint was dismissed upon the merits; the counterclaim of the defendant was dismissed, and costs were awarded to the defendant.

*James M. Hunt*, for the appellant.

*Ralph E. Prime*, for the respondent.

BARNARD, P. J.:

This action is brought to recover upon a bond executed by the defendant for $1,500, given on the 14th of February, 1877. The evidence showed, upon the trial, that the bond was given for a debt of her husband and did not charge the separate estate of the obligor, and that, therefore, the bond was not binding on the defendant, and the complaint was dismissed. The plaintiff does not appeal. It was proven on the trial that about the 1st of May, 1880, the defendant did enter into a separate business of her own and that her husband was made by her a general agent and manager of the business. While the defendant was conducting her business she sold and delivered to the plaintiff goods to a large amount. Her husband receipted the bill and received no money or other consideration therefor other than a credit on his old debt to the plaintiff. The referee refused to give her judgment against the plaintiff therefor, and the question presented on this appeal is whether this was erroneous. There was no direct proof that the goods sold plaintiff were applied on the old debt by the defendant's assent, or even with her knowledge. The parties derive such assent from the pleadings. The plaintiff complains that the bond is wholly unpaid, principal and interest. The complaint is amended so as to leave out the clause that no payments have been made on the bond, and demands payment of the entire amount. The answer denies the bond; avers payment on it by the exact amount of the bills receipted by her husband, and sets up a counterclaim for the same sum and asks an affirmative judgment. These pleadings, in the absence of proof on the trial, leave the parties to their rights as they shall appear on such trial. It appeared that the bond was invalid. It did not appear that the defendant authorized her husband to apply her property to the payment of his debts. It did appear that the plaintiff had her property and that it was not paid for. The plaintiff's original pleading, under oath, denied any payment. The amended pleading implies that no payment was made. The defendant denied bond and asserted payment and counterclaim. The defendant had the right to plead as many defenses as she had, and if

she pleaded payment and counterclaim, and the proof showed counterclaim, there is no reason because of the plea of payment, which calls for a refusal to give a judgment for a proven counterclaim.

The judgment, so far as appealed from, should be reversed, and the case sent to the Circuit for trial. The proof shows that there is no long account involved, and the sole question is whether the goods sold were applied on the bond by the defendant's assent. Costs to abide event.

DYKMAN, J., concurred.

Judgment, so far as appealed from, reversed, and new trial granted. Costs to abide event. Order of reference reversed and trial to be at Circuit.